(100 South. 342)

## ALABAMA GREAT SOUTHERN R. CO. v. ENSLEY TRANSFER & SUPPLY CO. (6 Div. 987.)

(Supreme Court of Alabama.　May 15, 1924.)

1. Negligence ⬅131—Evidence of repairs subsequent to injury inadmissible.

Evidence of changes or repairs made subsequently to injury, or as to precautions taken subsequently to prevent recurrence of injury, is not admissible as showing negligence or as amounting to an admission of negligence.

2. Railroads ⬅347(5)—Evidence of changes after collision held inadmissible.

In action for injury at crossing, evidence that small freighthouse tending to obstruct view had been removed since accident was inadmissible.

3. Appeal and error ⬅1060(2)—Offer of evidence held not prejudicial in view of issue submitted.

It was not prejudicial, in action for injury at crossing, for plaintiff's counsel to offer evidence that small freighthouse tending to obstruct view had been removed since the accident, and denial of mistrial was not abuse of discretion where only issue submitted was one of wanton or willful injury.

4. Trial ⬅110—Ordering of mistrial and continuance largely discretionary.

Ordering of a mistrial and continuance by reason of an offer of improper testimony must be left largely to discretion of trial judge.

5. Witnesses ⬅270(1)—Injection of collateral matter by defendant held to warrant question on cross-examination.

Where defendant's engineer testified on direct examination that every engineer who ever ran over line approached crossing in question under control, a matter collateral to issue, it was discretionary with court to permit cross-examination as to another collision at crossing shortly after collision involved, and hence mere asking of question was not improper or ground for continuance.

6. Witnesses ⬅270(1)—Character and extent of cross-examination as to collateral matters discretionary.

Character and extent of cross-examination, involving injection of collateral matters appropriate to test witness' knowledge and candor, is entirely within discretion of trial judge, though subject to review for palpable abuse.

7. Master and servant ⬅310—Servant personally liable for tort.

Whenever master, whether corporation or individual, is guilty of a tort through misfeasance or willfully wrongful conduct of a servant, servant is for same conduct personally liable.

8. Master and servant ⬅300—Master's liability under doctrine of respondeat superior.

When conduct of servant does not render him personally liable, it cannot impose liability upon master under doctrine of respondeat superior.

9. Trial ⬅311—Juries to be governed by law and evidence.

Juries should be governed in their conclusions by law and evidence, and not by class, color, or condition of parties.

10. Trial ⬅240, 248—Instruction held abstract, argumentative, and misleading.

A requested instruction that "if, after a fair consideration of all of the evidence in this case, you would not return a verdict against the engineer if he were the party defendant in this

case, instead of the railroad company, then you cannot find a verdict against the railroad company, and your verdict must be for the defendant," held abstract, argumentative, and possibly misleading and confusing.

**11. Trial ⬉⊨260(1)—Requested charge covered by oral properly refused.**

Requested charges covered by oral charge were properly refused.

**12. Negligence ⬉⊨139(3)—Instruction declaring wanton injury equivalent to intentional injury properly refused.**

An instruction, in action against railroad for wanton injury, requiring finding of conduct "equivalent" to intentional injury, was properly refused.

**13. Negligence ⬉⊨11—"Wanton injury" and "intentional injury" distinguished.**

"Wanton injury" is legal and moral equivalent of "intentional injury," but their elements are different, and proof of one would not suffice for proof of other.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Intentional Injury; Second Series, Wanton Injury.]

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action for damages by the Ensley Transfer & Supply Company against the Alabama Great Southern Railroad Company. Judgment for plaintiff, and defendant appeals. Affirmed.

The action is for damages for injury to plaintiff's motor truck resulting from a collision with defendant's engine and train at Wood street crossing in the city of Birmingham. The first four counts of the complaint charge simple negligence; but the case went to the jury only on the fifth count, charging wanton or willful injury.

The evidence tended to show that the crossing was in a populous neighborhood, and frequently used by the public. The truck approached the crossing from the south at a speed of four to six miles an hour, the view of the approaching train being cut off by a freighthouse on the left of the street, and also by some freight cars standing on a siding. The train, just before the collision, was running at a speed of 10 to 15 miles an hour, according to the engineer and other witnesses for defendant; the occupants of the car—negro employees of plaintiff—estimated its speed at 55 miles an hour; while other witnesses placed it at 40 or 45 miles.

Plaintiff's witness Robinson testified that he saw the collision from where he was standing at the flag station, about 125 feet away, and that the little freighthouse kept by the Central and the Alabama Great Southern Railroads, was about 50 feet east of Wood street. On redirect examination, the witness testified that he saw the bed of the truck knocked off by the train and turned around. Plaintiff's counsel then asked: "That freight station has been moved, hasn't it?" The witness answered, "Yes." Defendant's counsel objected to it as irrelevant, incompetent, and immaterial. The objection was sustained, and plaintiff's counsel thereupon said: "We except and offer to show that it has been moved since the accident." Defendant's counsel moved to exclude that statement of counsel, and requested the court to instruct the jury not to consider it. That motion being granted and the jury instructed accordingly, defendant's counsel then moved for a mistrial because of opposing counsel's statement made in the presence of the jury. This motion was overruled.

Defendant's witness Erickson, the engineer in charge of the train, had testified that approaching the crossing next preceding the Wood street crossing—which was Tidewater crossing, with a street car line—"every engineer that has run over this line of road is under control. By that I mean we can stop immediately with the next reduction." On cross-examination he confirmed this statement, and thereupon plaintiff's counsel said: "I will ask you if the Alabama Great Southern train that ran into the Tidewater car and injured all those people shortly after this accident was brought up there under control." The witness replied, "Yes, sir; he was."

Thereupon defendant's counsel objected because there was no evidence of such an occurrence, and moved the court for a continuance of the case "on account of the highly prejudicial and improper statement of counsel." The trial judge thereupon said:

"He testified about what other engineers did, of course, but·that was just a statement that was allowed to stand. I will sustain the objection and exclude the answer, and, gentlemen of the jury, I will say that any question which Mr. Birch asks in regard to any other accident, whether it happened or not, is improper, and I don't want it interjected into this case, and I exclude it. Of course, you are intelligent gentlemen and know it is just this one case we are trying; we are not trying any other engineer or any other case, or what anybody else did on any other occasion—I know you are intelligent enough to know that, and that you will exclude the statement and the question of counsel from your consideration, and I instruct you not to consider the same in this case."

Defendant's counsel renewed his motion for continuance, which was overruled, with exception reserved.

The following, among other, charges requested, were refused to defendant:

"(34) The law does not presume that any servant, agent, or employee of the defendant was guilty of wantonness or wanton negligence on the occasion complained of, and there is no burden resting on the defendant to show that it was not guilty of wantonness on said occasion."

"(26) If, after a fair consideration of all of the evidence in this case, you would not return a verdict against the engineer if he were the party defendant in this case, instead of the railroad company, then you cannot find a verdict against the railroad company, and your verdict must be for the defendant."

"(29) If you believe the evidence, you cannot find that the defendant's fireman was guilty of any wrongful conduct or omission on the occasion complained of."

"(C) Before you can find that defendant's engineer wantonly damaged the plaintiff's truck, you must be reasonably satisfied from the evi¹ dence that said engineer was guilty of such conduct as was equivalent to intentionally damaging said truck."

The jury found for plaintiff and awarded damages in the sum of $2,375.

Defendant duly filed its motion for a new trial, assigning for grounds the various rulings of the court on the trial. From a judgment overruling this motion, the defendant appeals.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellant.

Appellant's motion for a continuance, on the grounds that opposing counsel asked grossly improper questions and offered to prove improper and prejudicial matters, should have been granted. Watson v. Adams, 187 Ala. 490, 65 South. 528, Ann. Cas. 1916E, 565; Powe v. State, 19 Ala. App. 215, 96 South. 370; Maryland Cas. Co. v. McCallum, 200 Ala. 154, 75 South. 902; Davis v. State, 18 Ala. App. 482, 93 South. 269; Davis v. Quattlebaum, 210 Ala. 242, 97 South. 701; Edwards v. Earnest, 206 Ala. 1, 89 South. 729, 22 A. L. R. 1387; Florence Cot. Co. v. Field, 104 Ala. 471, 16 South. 538. Appellant could only be liable under the doctrine of respondeat superior, and could not be liable unless the engineer would be if he were defendant. Lakeshore v. Goldberg, 2 Ill. App. 228; Emma Silver Min. Co. v. Emma, etc., Co. (C. C.) 7 Fed. 401; Emery v. Fowler, 39 Me. 326, 63 Am. Dec. 627; K. C. v. Mitchener, 85 Mo. App. 36; Cuneo Imp. Co. v. American Imp. Co. (D. C.) 241 Fed. 421; Cressler v. Brown, 79 Okl. 170, 192 Pac. 417; So. Ry. v. Harbin, 135 Ga. 122, 68 S. E. 1103, 30 L. R. A. (N. S.) 404, 21 Ann. Cas. 1011. The burden of proving wantonness is on the plaintiff. B. & A. v. Campbell, 203 Ala. 296, 82 South. 546; A. G. S. v. Smith, 196 Ala. 77, 71 South. 455.

Weatherly, Birch & Hickman, of Birmingham, for appellee.

There was no error in the question whether the freight house was removed after the accident. B. U. Ry. Co. v. Alexander, 93 Ala. 133, 9 South. 525; Jackson Lbr. Co. v. Cunningham, 141 Ala. 206, 37 South. 445. It was permissible for appellee to cross-examine appellant's witness as to the custom of caution in passing over the point in question. Hilburn v. McKinney, 209 Ala. 229, 96 South.

61. It was discretionary with the trial court to grant or deny the motion to withdraw the case from the jury. T. C. I. Co. v. Spicer, 206 Ala. 141, 89 South. 293.

SOMERVILLE, J. [1, 2] American courts are practically unanimous in holding that—

"Evidence of changes or repairs made subsequently to the injury, or as to precautions taken subsequently to prevent recurrence of injury, is not admissible as showing negligence or as amounting to an admission of negligence." 29 Cyc. 616; L. & N. R. R. Co. v. Malone, 109 Ala. 509, 20 South. 33; Going v. Ala. S. & W. Co., 141 Ala. 537, 551, 37 South. 784; Frierson v. Frazier, 142 Ala. 232 (5), 37 South. 825.

The offer by plaintiff's counsel to show that the small freighthouse—referred to by witnesses as standing near the intersection of Wood street and the railroad, and tending to obscure the engineer's view of the truck as it approached the crossing—had been removed since the accident, was, of course, properly rejected. Appellant's complaint is that the mere offer to prove was sufficient to impress the jury with the idea of the existence of the fact, and that they would likely consider it as a fact to the prejudice of defendant, notwithstanding the judge's instruction that they should not consider it.

[3] If the case had gone to the jury on any issue of negligence to which the location of the freighthouse was material, some degree of prejudice might be inferred from the suggestion of its removal after the accident. But the issue being solely one of wanton or willful injury, determinable by the conduct of the engineer without reference to the location of this building, we are unable to conceive of resulting prejudice to defendant. More likely, if the matter was noticed by the jury at all, it was of beneficial effect. The nature of the issue, and the character of the testimony, make the case very different from Watson v. Adams, 187 Ala. 490, 65 South. 528, Ann. Cas. 1916E, 565, and other cases cited and reviewed by counsel for appellant.

[4] The ordering of a mistrial and a continuance for such a cause must be left largely to the discretion of the trial judge, and we do not think his action on this motion was an abuse of that discretion. Tenn. Co. v. Spicer, 206 Ala. 141, 89 South. 293; Thames v. L. & N. R. R. Co., 208 Ala. 255, 94 South. 487.

[5, 6] A similar question is presented with respect to the conduct of plaintiff's counsel in asking defendant's engineer, on his cross-examination, as to another collision at the Tidewater crossing shortly after the collision here involved. The matter of the other collision was, of course, utterly foreign to the issues of this case, and could throw no light on the culpability vel non of the engineer who was operating this train. Certainly, any independent suggestion of such an occurrence for the purpose of lodging it in the minds of

the jury as a prejudicial factor to influence their decision would have been highly improper on the part of plaintiff's counsel. Whether the prejudice that might result would be of such a character that the admonition of the trial judge—which was full and complete—to disregard it would not have served to eradicate it from the minds of the jury, might be a debatable question. It is to be observed, however, that the engineer had testified on his direct examination that—

"Every engineer who has run over this line of road, especially when we approach this here street car line, commonly known as Tidewater, is under control."

This was a sweeping statement, and of a fact outside of the issues of the case, which was not proper for the consideration of the jury. On cross-examination it was proper for plaintiff's counsel to ask the witness such questions as were calculated to test his knowledge and candor, and we do not feel authorized to infer that counsel's purpose in asking this question was other than bona fide for the making of such a test. The settled rule is that the character and extent of such a cross-examination, involving the injection of collateral matters appropriate to the end in view, is entirely within the discretion of the trial judge, though subject to review for palpable abuse.

In the case of Hilburn v. McKinney, 209 Ala. 229, 96 South. 61, which was an action against the operator of a ferry for the negligent drowning of the plaintiff's mules, this court said, per Gardner, J.:

"Defendant by way of cross-examination proved by the witness Chandler that he had been crossing at this ferry all his life, and had never seen any pole, chain, or gate at the rear end of the boat, nor had he seen a pair of mules, a single mule, horse, or ox back off the boat. On redirect examination the witness was asked if he was there at the time Dr. Lusk's horse fell in the river off the boat. The defendant's objection being overruled, the witness answered, 'No; I was not there.' It is urged this evidence is objectionable, as assuming a fact which had not been proven. In view of the cross-examination, we are persuaded that this question was largely a matter resting within the discretion of the trial court, and that no reversible error appears."

If, as we think, the allowance of the question was within the range of the trial judge's discretion, the mere asking of the question by counsel cannot be regarded as an impropriety, and hence would not require the penal action invoked by counsel's motion for a continuance of the cause, or by his motion to set aside the verdict—action which, so far as this ground was concerned, was within the sound discretion of the trial judge.

[7-10] Refused charge 26 obscurely embodies a correct proposition of law. Ob-

viously, whenever the master, whether a corporation or an individual, is guilty of a tort through the misfeasance or willfully wrongful conduct of a servant, the servant is for the same conduct personally guilty and liable. Wright v. McCord, 205 Ala. 122, 125, 88 South. 150. And, vice versa, when the conduct of the servant does not render him personally liable, it cannot impose liability upon the master under the doctrine of respondeat superior. N. O., etc., R. Co. v. Jopes, 142 U. S. 18, 12 Sup. Ct. 109, 35 L. Ed. 919. Juries should be governed in their conclusions by the law and the evidence, and not by the class, color, or condition of the parties. Nevertheless it is not proper to give an instruction in the form of this one, for cases must be tried between the parties before the court, and not determined upon a consideration of what the jury would do if the issue were between the plaintiff and some other defendant. The charge in question is abstract, argumentative, and possibly misleading and confusing.

[11] Refused charge 34 was fully covered by the oral charge and given charge 25.

Refused charge 29 was specifically covered by the oral charge.

[12] Refused charge C is faulty in its misleading predicate that the wanton injury charged must be equivalent to intentional injury. Vessel v. S. A. L. Ry. Co., 182 Ala. 589, 594, 62 South. 180

[13] "Wanton injury" is the legal and moral equivalent of "intentional injury," but their elements are different, and proof of the one would not suffice for proof of the other.

We have examined the evidence with great care, and we find no reason for disturbing the finding of the jury as to the money value of the injury done to plaintiff's truck. While the testimony was conflicting, there was ample support for the verdict.

Finding no error in the record, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and THOMAS, JJ., concur.