HOLMES, Retired Appellate Judge.
Yolanda Floyd filed a complaint against Johnny Carter, a Macon County employee, seeking damages against Carter for assault and battery and for a claim under Ala.Code 1975, § 6-5-370. Floyd’s complaint stems from an incident involving inappropriate physical contact between Carter and Floyd, which occurred on July 28, 1993, at the Macon County Commission’s District 3 shop.
Floyd amended her complaint to name the Macon County Commission (Commission) as a defendant, seeking damages against the Commission for the negligeni/wrongful hiring of Carter in 1991.
The matter proceeded to a jury trial. Pri- or to voir dire, the trial court heard arguments from the parties regarding the admissibility of evidence of Carter’s 1977 felony conviction in Lee County for attempt of carnal knowledge. The trial court ruled that the evidence was inadmissible and, thus, excluded.
Thereafter, the trial court granted a motion in favor of the Commission for a judgment as a matter of law, pursuant to Rule 50, Ala. R. Civ. P. We would note that the jury returned a verdict in favor of Floyd and against Carter and assessed damages in the amount of $25,045, The trial court entered a judgment on this verdict.
Floyd appeals. Floyd does not appeal any portion of her action against Carter.
The sole issue on appeal is whether the trial court committed reversible error when it excluded evidence of Carter’s 1977 conviction.
Initially, we would note that a trial court is granted wide discretion in determining the relevancy of the evidence, and its determination will not be disturbed on appeal unless it is clear that error was committed. Further, we note that a trial court is given *263 broad discretion in excluding or admitting evidence on issues litigated in the case. Watson v. Thomas, 646 So.2d 84 (Ala.Civ.App.1994).
On appeal Floyd acknowledges that to prevail on her claim for wrongful hiring, she must present evidence that the Commission breached a duty which proximately caused her injuries. Floyd argues the following in her appellate brief:
“It cannot be disputed that [Floyd], through her involvement with the Summer Youth Program, was invited onto [the Commission’s] premises where she was placed into contact with [Carter],
“In order to demonstrate that [the Commission] breached its duty to use proper care in the selection and retention of [Carter] and to show that [the Commission] knew, or should have known, in the exercise of due care, that [Carter] had a tendency to harass, molest, and assault young females, [Floyd] attempted to introduce evidence of [Carter’s] 1977 attempt of carnal knowledge conviction. In 1977, [Carter] pleaded guilty to a felony charge of attempted camal knowledge of a girl over the age of 12 but under the age of 16 in violation of what was then codified at § 13-1-134 of the Code of Alabama, 1976.
“... [Floyd] did not intend to offer this evidence for the purpose of impeaching [Carter] or attacking his credibility under Alabama Rules of Evidence, § 609. She did not intend to offer this evidence for the purpose of showing [Carter] acted in conformity with a character trait, as proscribed by Alabama Rules of Evidence, § 404(a). Rather, [Floyd] was offering this evidence against [the Commission] under Alabama Rules of Evidence § 404 to prove that [the Commission] breached its duty to use due care in hiring [Carter], The trial court excluded this evidence on the grounds of lack of relevancy and remoteness.”
(Citations to record omitted).
Our review of the record reveals the following pertinent facts: In the summer of 1993 Floyd, who was nineteen years of age, was involved in the summer youth program and was assigned to the District 3 shop. On July 28, 1993, there was an incident of inappropriate physical contact between Carter and Floyd, which was instigated by Carter.
From 1974 until April 1987, when Carter retired with full benefits, he worked as a foreman for the Commission’s District 1 shop. In early 1991 Commissioner Magru-der, the newly elected commissioner for District 3, asked Carter .to work as the secretary in District 3. Magruder testified that he hired Carter because Carter was recommended as an excellent record keeper and an excellent foreman.
Carter’s 1977 conviction occurred while he was an employee of the Commission. There was no evidence presented which indicated that Carter “had a tendency to harass, molest, and assault young females” in the workplace. There was no evidence to indicate that the Commission had ever had such a problem with Carter in the workplace. Thus, Floyd failed to demonstrate how the trial court abused its discretion when it declined to admit evidence of a conviction which occurred almost 20 years ago. Harper v. Baptist Medical Center-Princeton, 341 So.2d 133 (Ala.1976).
Consequently, the trial court did not abuse its discretion when it excluded evidence of Carter’s 1977 conviction. The judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of Ala.Code 1975, § 12-18-10(e).
AFFIRMED.
YATES, MONROE, and THOMPSON, JJ., concur.
CRAWLEY, J., concurs specially.
ROBERTSON, P.J., concurs in the result.