While I agree with part of the discussion of the law in Part I of the main opinion, I believe that Part I of that opinion draws a distinction between actions based on intentional torts and actions based on negligence that is not supportable and, in fact, is contrary to our jurisprudence. Because the application of what I believe is the *Page 443 
correct view of our law as it relates to officer and director participation in both intentional torts and negligence committed against third parties would not change the result reached by the main opinion, however, I concur in the result.
I begin by noting that our Supreme Court, in Ex parteMcInnis, 820 So.2d 795 (Ala. 2001), as quoted in the main opinion, states simply that "`[a] corporate agent who personally participates, albeit in his or her capacity as such agent, in atort is personally liable for the tort.'" 820 So.2d at 798-99
(quoting Sieber v. Campbell, 810 So.2d 641, 645 (Ala. 2001)) (emphasis added). There is no limitation of this principle to intentional torts. In Tennessee Chemical Co. v. Cheatham,217 Ala. 399, 402-03, 116 So. 420, 423 (1928), our Supreme Court explained that liability to third parties may be found on the part of an officer or director who participates in "a wrong or tort," again, not limiting this principle to intentional torts.
 "In Alabama, the general rule is that officers or employees of a corporation are liable for torts in which they have personally participated, irrespective of whether they were acting in a corporate capacity. Candy H. v. Redemption Ranch, Inc., 563 F.Supp. 505, 513 (M.D.Ala. 1983); Chandler v. Hunter, 340 So.2d 818, 822 (Ala.Civ.App. 1976)."
Ex parte Charles Bell Pontiac-Buick-Cadillac-GMC, Inc.,496 So.2d 774, 775 (Ala. 1986) (emphasis added).
Likewise, the secondary source quoted in note 2 of the main opinion states that an officer or director may be "personally liable for all torts" against third parties in which they personally participate. See 3A William Meade Fletcher,Fletcher Cyclopedia of the Law of Private Corporations § 1135 (perm. ed. rev.vol. 2002).
 "An officer or a director of a corporation is not, merely as a result of his standing as such, personally liable for torts of corporate employees; to incur responsibility he must ordinarily be shown to have in some way participated in or directed the tortious act. The above general principle has been upheld or recognized by the courts in . . . actions based on negligence of subordinate corporate employees resulting in the personal injury or death of third persons."
W.A. Harrington, Annotation, Personal Civil Liability of Officeror Director of Corporation for Negligence of SubordinateCorporate Employee Causing Injury or Death of Third Party, 90 A.L.R.3d 916, 918 (1979) (footnote omitted; emphasis added). Seealso Ellingson v. World Amusement Serv. Ass'n, 175 Minn. 563,572, 222 N.W. 335, 339 (1928) (declining to apply "the universal rule" that "an officer of a corporation who takes part in the commission of a tort by the corporation is personally liable therefor," not because the case involved the tort of negligence, but because the officer had not personally participated in that negligence).[6] *Page 444 
The main opinion attempts to distinguish two Alabama cases where officers or directors were held liable to third parties because of their participation in negligent conduct on the ground that the negligence in those cases arose out of a special fiduciary duty. I find this explanation of Crigler v. Salac,438 So.2d 1375 (Ala. 1983), and Southeastern Construction Co. v.Robbins, 248 Ala. 367, 27 So.2d 705 (1946), to be a distinction without a difference. The officers or directors in those cases were found liable for their negligence. Any act of negligence presupposes a duty, arising from some source, that is breached by the tortfeasor. I do not see how the source of the duty that was breached in those cases provides any basis for concluding that an officer's or a director's direct participation in negligently tortious conduct will not subject that officer or director to personal liability to the injured party. Indeed, in Crigler v.Salac, 438 So.2d 1375, 1380 (Ala. 1983), our Supreme Court appeared to clearly acknowledge the principle that an officer or a director of a corporation may be "liable for the negligent or wrongful acts of the corporation" where he or she has been a participant in the tortious conduct. (Emphasis added.)[7]
Potential for confusion in this area stems from the fact that, unlike ordinary employees of a corporation, officers and directors also have special duties running directly to thecorporation, as discussed further below. The fact that such officers and directors have such other duties, which in and of themselves may be the basis for liability directly to their corporations, does not change the fact that they may be liable for their direct participation in negligent acts against third parties for which the corporation also may find itself liable, either vicariously or because it directed or ratified that conduct.
The special duties of officers and directors to their corporations, and their shareholders, include the fiduciary duty of care in managing the affairs of the corporation. A breach of that duty, either by intentional conduct or by negligence, can result in financial losses to the corporation that serve as the basis for direct liability to the corporation or, in appropriate cases, derivative liability claims by the shareholders. An ancillary result of the same tortious *Page 445 
conduct that causes such financial losses to the corporation may be the corporation's inability to fully pay its creditors. The corporation's inability to pay its bills, however, does not give rise to a cause of action by the creditors directly against the officers and directors of the corporation. This is so because the underlying duty that has been breached, as discussed inJefferson Pilot Broadcasting Co. v. Hilary Hogan, Inc.,458 F.Supp. 310 (M.D.Ala. 1978), and in note 4 of the main opinion,880 So.2d at 439, is a duty owed by the officers and directors to the corporation, not to third parties such as creditors.
The main opinion cites Tennessee Chemical Co. as a case in which our Supreme Court found, in the words of the main opinion, "liability for personal participation in an intentional tort and no duty to a creditor for negligence." 880 So.2d at 439. The reason that no liability was found on the part of the defendant charged with negligence was not because the claim against that defendant was for negligence, but because the tort involved a breach by the defendant, a director of a corporation, of her duty of care to the corporation and its shareholders to reasonably manage the affairs of the corporation. As the Supreme Court explained:
 "`Directors may not be liable to corporate creditors for negligence in the management of the affairs of the corporation.' Cook on Corporations, § 735. `Directors, agents and officers of a corporation are trustees for its stockholders, but not for its creditors, and this whether the corporation is solvent or insolvent.' O'Bear Jewelry Co. v. Volfer Co., 106 Ala. 205, 17 So. 525 [(1895)]."
Tennessee Chem. Co., 217 Ala. at 403, 116 So. at 423 (emphasis added).
Applying the aforesaid principles to the present case, I would hold that summary judgment was proper because there is not substantial evidence that either Clarence McDorman ("Clarence") or Thomas "Slate" McDorman ("Slate") directly participated in the tortious conduct — whether negligent or intentional — of Zeyad Awwad ("Awwad"). Just because an employer hires a tortfeasor does not mean that the employer is a participant in that tortfeasor's subsequent tort.
Galactic also complains, however, of negligence in the hiring and supervision of Awwad. It is true that our Supreme Court has recognized the torts of negligent training and negligent supervision — see, e.g., Big B, Inc. v. Cottingham,634 So.2d 999, 1002-03 (citing Lane v. Central Bank of Alabama, N.A.,425 So.2d 1098, 1100 (Ala. 1983), and Thompson v. Havard,285 Ala. 718, 723, 235 So.2d 853 (1970)) — as well as the tort of negligent hiring — see, e.g., CP B Enters., Inc. v. Mellert,762 So.2d 356, 362 (Ala. 2000) (noting that the jury could have found that the defendant was "negligent in hiring, supervising and retaining" an employee); Callens v. Jefferson County NursingHome, 769 So.2d 273, 278 (Ala. 2000) (reversing the dismissal of, among other things, a claim for "negligent hiring, training, and supervision"); and Floyd v. Macon County Commission,707 So.2d 262 (Ala.Civ.App. 1997) (citing Big B, Inc. v.Cottingham)).
The real problem for Galactic in attempting to hold Clarence liable in this regard (and, ultimately, Galactic's real problem in attempting to recover in this case), however, is that Clarence was not the party who hired Awwad. The corporation, The Matrix, Inc., hired Awwad. Matrix was the employer; any negligence by the "employer" in hiring and supervising Awwad legally is negligence on the part of the corporation. Galactic could hold Clarence responsible for the corporation's negligent hiring or supervision if the corporation *Page 446 
was the alter ego of Clarence, i.e., if the corporate veil could be pierced. Because there is not substantial evidence in the record in this case to justify the conclusion that the corporation was merely the alter ego of Clarence, I agree that summary judgment was appropriate.
[6] The rule of officer and director liability for their direct participation in negligent acts committed on behalf of the corporation is merely a manifestation of the more general rule that:
 "In the absence of immunity, an employee may generally be held personally liable to a third person for injuries tortiously caused by the employee, regardless of whether the employer may also be liable. Although a master and servant may each and both be liable for a servant's tort committed in the course of employment, an employee who tortiously causes injury to a third person may be held personally liable to that person regardless of whether he or she committed the tort while acting within the scope of employment, because the employee's liability is based on personal wrongdoing independent of the employment relationship."
27 Am.Jur.2d Employment Relationship § 488 (1996) (footnote omitted). See, e.g., Sanford v. Kobey Bros. Constr. Corp.,689 P.2d 724 (Colo.Ct.App. 1984) (neither the doctrine of respondeat superior nor the fiction of corporate existence bars the imposition of individual liability for individual acts ofnegligence, even though the individual is acting in a representative capacity).
This general rule is also the law in Alabama. "[W]henever the master, whether a corporation or an individual, is guilty of a tort through the misfeasance or wilfully wrongful conduct of a servant, the servant is for the same conduct personally guilty and liable." Alabama Great Southern R. Co. v. Ensley Transfer Supply Co., 211 Ala. 298, 301, 100 So. 342, 345 (1924) (emphasis added), citing Wright v. McCord, 205 Ala. 122, 88 So. 150
(1920). See also Mi-Lady Cleaners v. McDaniel, 235 Ala. 469,472, 179 So. 908, 910 (1938) (acknowledging the principle that "the servant not being liable for his negligence or wrongful conduct, . . . the master was not liable" (emphasis added));Southeastern Greyhound Lines v. Callahan, 244 Ala. 449, 453,13 So.2d 660, 662 (1943) ("if the servant enters upon the service, and negligently performs it, both he and his master would be liable" (emphasis added)); Sanders v. Roberts, 563 So.2d 1022
(Ala. 1990); Downes v. Norrell, 261 Ala. 430, 74 So.2d 593
(1954).
[7] I would presume that corporate officer and director participation in negligent acts committed by other corporate employees occurs less frequently than does their participation in fraudulent and other intentional conduct, thus explaining the lesser number of reported direct-participation cases involving actions based on negligence.