# Carleton *v.* Central of Georgia Ry. Co.

### *Damages for Death of Passenger.*

#### (Decided April 23, 1908. 46 South. 495.)

1. *Appeal; Ruling on Pleading; Prejudice.*—Although demurrers were sustained to certain counts of the complaint such ruling was not prejudicial to plaintiff, where plaintiff subsequently filed counts stating substantially the same cause of action, and under which all of the evidence which would have been relevant to the original count was admissible.

2. *Carriers; Duty to Passenger.*—The carrier owes to its passengers the duty to provide a safe place for him to ride and to see that he is treated with respect by its servants, and not exposed to unnecessary peril.

3. *Same; Regulation; Different Classes.*—A carrier may make and enforce regulations providing different cars for white and colored passengers, but its conductor, in requiring white passengers to leave the car provided for colored passengers, is bound to do so in a reasonable manner and at such time and under such circumstances as not to expose the passenger to increased danger.

4. *Same; Jury Question.*—It is a question for the jury to decide whether the passenger was killed by a breach of duty on the part of the conductor where it appeared from the evidence that such passenger was killed by falling from a train in rapid motion, while being pushed by the conductor from the car provided for colored passengers into that provided for white passengers.

APPEAL from Tallapoosa Circuit Court.

Heard before Hon. A. H. ALSTON.

Action by H. M. Carleton, as administrator, etc., against the Central of Georgia Railway Company. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

The case made for plaintiff is sufficiently stated in the opinion of the court. The defense set up by way of special pleas and the proof was that the railroad had a regulation, as required by the statute laws of the state of Alabama, as to where passengers of different classes should ride; that plaintiff was a white man, and was riding in a coach with colored passengers; that this was

[Carleton v. Central of Georgia Railway Co.]

against the statute and rules of the company; that under the law and the regulations the conductor was forced to require him to move from one coach into the other; and that by being in the colored coach plaintiff's intestate proximately contributed to the injuries which resulted in his death. At the conclusion the court gave the general affirmative charge for the defendant.

JAMES W. STROTHER, for appellant. The court erred in sustaining demurrers to the first ten counts of the complaint.—*Birm, Ry. L. & P. Co. v. Adams,* 146 Ala. 267. The court erred in giving the affirmative charge for the defendant.—*Peters v. Southern Ry. Co.* 135 Ala. 537; *Carter v. Fulgham,* 134 Ala. 242;*White v. Farris,* 124 Ala. 470; *L. & N. v. Lancaster,* 121 Ala. 471; *T. C. I. & R. R. Co. v. Garrett,* 140 Ala. 563.

GEORGE P. HARRISON, for appellant. No brief came to the Reporter.

SIMPSON, J.—This was an action for damages for the wrongful killing of plaintiff's intestate. It is insisted, first, that the court erred in suustaining the demurrers to the first 10 counts of the complaint. After the sustaining of said demurrers, the plaintiff filed a number of other counts, which substantially state the same cause of action as alleged in said 10 counts, and under which all of the evidence which would be relevant to said 10 original counts could be considered. Consequently, if there was error in sustaining the demurrers to these first 10 counts, it was error without injury.

The court gave the general affirmative charge in favor of the defendant. There was evidence which tended to show that the conductor, or the person who was acting as conductor, ordered the plaintiff's intestate to

leave the car in which he was, and to go into another, while the train was in rapid motion at night; also that said official caught him by the shoulder, pushed him out of the door, and shut the door behind him; and that as said intestate went to step across the coupling he fell off. The carrier owes the duty to the passenger to provide a safe place for him to ride, to see that he is treated with respect by its servants, and not to expose him to unnecessary peril. While the law recognizes the right of the carrier to make and enforce reasonable regulations with regard to the cars to be occupied by different classes of passengers, yet, in requiring passengers to pass from one car to another, not only must it be done in a respectful manner, but it must be done at a time and in a way that will not expose the passenger to increased danger.

It is recognized that it is dangerous for a passenger to pass from one car to another while the train is in rapid motion; and while the improvements, in arranging the platforms and vestibuling the cars, has minimized and in some cases done away entirely with the danger of passing from car to car, so that it cannot be said that in every case it is contributory negligence for a passenger to pass from one car to another, or negligence for the conductor to require him to pass from one to another, while the train is in rapid motion, this depends upon the conditions, such as the manner in which the cars are coupled, the speed at which the train is moving, the condition of the track, and whether it is straight or curved, and also upon the condition of the passenger; for, if the passenger is weak or intoxicated, greater caution is suggested. If the conditions were such as to render it dangerous for plaintiff's intestate to pass from one car to another, and he was either forced or ordered out of the car in which he was riding, by the conductor

[Louisville & Nashville Railroad Co. v. Church.]

or some one who was acting as conductor, and as a consequence he came to his death, the defendant would be liable.—2 Hutchinson on Carriers (3d Ed.), pp. 1085, 1323, §§ 950, 1125; 3 Hutchinson on Carriers (3d Ed.) pp. 1398, 1399, 1405, 1408, §§ 1192, 1197; *Dougherty v. Yazoo & M. V. R. Co.*, 84 Miss. 502, 36 South. 699, 700; *State v. Maine Cent. R. Co.*, 81 Me. 84, 92, 16 Atl. 368; *L. & N. R. R. Co. v. Kelly*, 92 Ind. 371, 374, 375, 47 Am. Rep. 149; *McIntyre v. N. Y. Cent. R. Co.*, 37 N. Y. 287, 288; *Worthington v. Cent. Vt. R. Co.*, 64 Vt. 107, 23 Atl. 590, 15 L. R. A. 326, 330; *So. Ry. Co. v. Roebuck*, 132 Ala. 412, 31 South. 611; *Fox v. Mich. Cent. R. Co.*, 138 Mich. 433, 101 N. W. 624, 68 L. R. A. 336, 340.

It results that the court erred in giving the general charge in favor of the defendant.

The judgment of the court is reversed, and the cause remanded.

Tyson, C. J., and Dowdell and McClellan, JJ., concur.