(85 South. 496)

HILBURN v. McKINNEY.    (8 Div. 250.)

(Supreme Court of Alabama.    April 8, 1920.)

1. **Pleading** ⬅34(4)—Construed against pleader on demurrer.

On hearing on demurrer to a pleading, it must be construed against the pleader.

2. **Master and servant** ⬅310—Servant personally liable to third person for tort.

A servant or agent may be personally liable for damages from a tort committed by him in his master's service, whether his dereliction was a matter of nonfeasance or of misfeasance, being liable when he would be if there were no relation of master and servant, or principal and agent; liability being dependent on act or omission, misfeasance or nonfeasance, of servant or agent himself.

3. **Ferries** ⬅33—Complaint against operator demurrable for omission to aver he, and not county, under duty to provide barrier.

Count of complaint against operator of ferry for drowning of mules and loss of harness

---

and part of wagon, complaint being open to construction that ferry was a public one operated for county, under Code 1907, § 3023 et seq., *held* demurrable as omitting to aver duty rested on defendant operator, rather than county, to provide barrier for the boat.

**4. Ferries ⬤⟲33—Complaint against operator of ferry for county demurrable for omission to aver failure to exercise care.**

Count of complaint against operator of ferry for drowning of mules and loss of harness and part of wagon, complaint being open to construction ferry was a public one, operated for county, under Code 1907, § 3023 et seq., *held* demurrable as failing to aver defendant operator did not exercise ordinary care or reasonable diligence.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Action by Ab. H. McKinney against James H. Hilburn for damages for loss of property while being ferried across a river. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Reversed and remanded.

John A. Lusk & Son and C. B. Kennamer, all of Guntersville, for appellant.

A ferryman is not liable as a common carrier. Moore on Carriers, 51, 52. A county is not liable for mishaps or accidents in the operation of free ferries. 19 Cyc. 513; 45 Ala. 176; 48 Ala. 566; 48 Ala. 649; 49 Ala. 110; 54 Ala. 639, 25 Am. Rep. 730; 195 Ala. 364, 70 South. 634; 196 Ala. 483, 71 South. 704; 80 Ala. 204; 80 Ala. 287. Only gross negligence can be recovered for. 142 Ala. 232, 37 South. 825; 42 Ga. 528, 5 Am. Rep. 544.

Street & Bradford, of Guntersville, for appellee.

All the grounds of demurrer are treated together, and, unless all are good, no reversal should follow. 165 Ala. 650, 51 South. 517; 195 Ala. 335, 70 South. 271; 143 La. 229, 78 South. 478; 203 Ala. 28, 81 South. 818. Count 1 was in Code form, and not subject to demurrer. Count 3 is also good. Section 3026, Code 1907; 19 Cyc. 508, 509; 187 Mass. 245, 72 N. E. 992, 68 L. R. A. 157, and note; 143 Pa. 122, 22 Atl. 708, 13 L. R. A. 366; 142 Ala. 232, 37 South. 825; 9 Cyc. 378, and notes. The burden of proving contributory negligence rested upon the defendant. 97 Ala. 165, 11 South. 886.

McCLELLAN, J. The plaintiff (appellee) brought this action against the defendant (appellant) to recover damages resulting from the drowning of two mules and the loss of harness and a part of a wagon, while this property was being ferried across the Tennessee river at Gunter's Landing. Through special charges given at defendant's instance, the right of plaintiff to recover on either count 1 or 2 was denied, thus eliminating questions arising on the sufficiency vel non of those counts. The verdict for plaintiff is necessarily referable alone to count 3. That count reads:

"The plaintiff claims of defendant the further sum of $1,000 damages for that heretofore, to wit, on the 24th day of February, 1919, defendant was the operator of a public ferry for a reward paid by Marshall county across Tennessee river at Gunter's Landing, and on said date defendant did receive on his boat as such ferryman at the south bank of said river at said landing two mules, a wagon, and harness, the property of plaintiff, and did undertake with plaintiff to carry the same across said river and deliver the same to plaintiff on the north bank of said river at said landing; that said boat was unsafe in this, that there was no gate or barrier to said boat to prevent animals from stepping or falling overboard, and as the proximate consequence thereof said mules were drowned and said wagon and harness lost."

Code, §§ 3023, 3024, invest county governing bodies with authority and power to establish and maintain "free ferries," and confer on such bodies the "same powers" and impose on them "the same duties, when necessary or requisite, as to establishing, and maintaining * * * ferries, * * * as they have or perform with reference to the public roads," and invest them with the authority to require "ferries to be operated * * * free," and authorize them to "construct, maintain, or improve" ferries, roads, etc., "by contract, by charter rights, or by the ordinary road hands and property subject to road duty." Code, § 3025, contemplates, among other things, the establishment and maintenance of ferries, where the stream lies along or is the dividing line between two counties. Section 3026 is designed to empower the county bodies to license persons, etc., to operate ferries, and provides for the regulation of the tolls charged by the persons so licensed. This statute (section 3026) is without application to or bearing upon the character of the public ferry described in count 3 or in the evidence in this record.

[1] Having regard to the familiar rule that requires, on hearing on demurrer, the construction of the pleading against its pleader, a review of the action of the court in overruling the demurrer to count 3 is undertaken. When the averments of count 3, descriptive of the public ferry therein mentioned, are read in the light of the stated statutes (sections 3023, 3024), the count must be construed as referring to the power and authority thereby conferred, and hence that the free public ferry in question was a free public ferry established and maintained by Marshall county in virtue of that governmental authority, and furthermore that the

averments of the count do not show that defendant was a public ferryman for hire, within the principles defining the rights, duties, and liabilities of such ferrymen and the public engaging their services for a reward. Assuming, without deciding (for the question is not now presented) that, under the authority conferred by these statutes, a county may engage an independent contractor to operate a free public ferry for the county, and define his duties for the safety and convenience of those using the free ferry, count 3 leaves entirely unstated whether defendant was such an independent contractor, furnishing the boat for the purpose, or whether defendant was a mere employé of the county to operate a free, public ferry at Gunter's Landing, using for the purpose a boat furnished by the county.

[2] Interpreting the count under the influence of the mentioned rule of construction, the defendant's relation to the operation of this public ferry, conducted by the county of Marshall, was that of an employé merely. Now a servant or agent may be personally liable for the damnifying consequences of a tort committed by him in the master's service, and so whether the servant's or agent's dereliction, proximately causing the damage, is assignable to the categories of nonfeasance or of misfeasance. Nayer v. Thompson Bldg. Co., 104 Ala. 611, 622, 623, 16 South. 620, 28 L. R. A. 433, 53 Am. St. Rep. 88. The rule established by this case in this jurisdiction is that personal liability attaches to the servant or agent, when the servant or agent would be liable if there had been no relation of master and servant or principal and agent. Such liability is therefore dependent upon an act or omission, misfeasance or nonfeasance, on the part of the servant or agent himself; and any dereliction of the master or principal, not effectively participated in by the servant or agent, will not, of course, afford the basis for the personal culpability of the servant or agent. No effort, efficiently definite on demurrer, appears to have been made in the count to charge the defendant with any duty to provide the gate or barrier to prevent animals from stepping or falling overboard, much less to aver a breach thereof by defendant. Non constat the boat may have been furnished by the county, and, as furnished, was without the gate or barrier which, it is alleged, rendered the boat unsafe.

[3] The fourteenth ground of demurrer took the objection that the count omitted to aver that the duty rested on the defendant to provide gate or barrier for the boat. This ground was well taken.

[4] Under the interpretation we have accorded to count 3, the tenth ground of demurrer was also well taken. The point of its objection was that the count did not aver that the defendant did not exercise ordinary care or reasonable diligence in the premises. If the defendant was but an employé of the county, and if the boat was furnished by the county, and as furnished did not have the gate or barrier described in the count, the defendant could only have been negligent in receiving plaintiff's property on the boat under such circumstances as that ordinary care and prudence would have suggested to be unsafe for its transportation. The count does not, as appears, sufficiently present that theory of possible liability of the county's employé. These considerations, leading to a reversal of the judgment, will necessitate a reformation of the complaint, to the end that the cause of action plaintiff would assert may be efficiently set forth; and so with particular reference to the actual arrangement made by the county authorities with this defendant, as shown by the records of that body, for the operation of a free ferry at Gunter's Landing.

When the complaint is appropriately reformed, the inquiry will arise on the general issue whether the loss of the plaintiff's property was proximately caused by the absence of a gate or barrier on the boat, or by the conduct of the plaintiff in preparing the team and wagon for removal from the boat, and further, taking due account of contentions made on the trial, whether plaintiff was guilty of contributory negligence in driving the team on the boat in the circumstances then observable by him; the legal standard of his conduct in the premises being that afforded by a reasonably prudent man, likewise circumstanced and advised. The judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.