191 So. 231

## POLLARD v. COULTER.

### 6 Div. 402.

Supreme Court of Alabama.

June 15, 1939.

Rehearing Denied Oct. 12, 1939.

422

W. H. Sadler, Jr., and E. L. All, both of Birmingham, for appellant.

Harsh, Harsh & Hare, of Birmingham, for appellee.

BOULDIN, Justice.

Action for personal injuries by a passenger upon a railway train resulting from a derailment of the coach upon which plaintiff was a passenger.

This case arose from the same derailment considered in the case of Pollard, Receiver, v. Williams, 191 So. 225,[1] an action by another passenger on the same train, this day decided.

While the cases were tried at different times, the issues in the main were the same, the tendencies of the evidence touching the liability of the carrier were substantially the same, and the assignments of error insisted upon in the two cases are the same, with few exceptions. We refer to the decision in the Williams case for a discussion of the questions of law and fact common to both cases.

One question presented in the instant case by assignments of error and earnestly presented in briefs did not arise in the Williams case.

In the instant case, B. L. Cook, the section foreman, an employee of the carrier, was joined as party defendant.

The jury returned a verdict against the carrier, but in favor of the employee. The motion for new trial raising the question of the validity of such verdict was overruled.

■ Where the liability of the employer is predicated upon the negligence of an employee under the doctrine of respondeat superior, a verdict holding the employer liable. but acquitting the employee, as a general rule, is self-contradictory, carries its condemnation on its face, and is due. to be set aside on motion. Walker v. St. Louis-San Francisco R. Co., 214 Ala. 492, 108 So. 388.

The complaint on which this case was tried avers: "And on said occasion defendant B. L. Cook was section foreman for said Pollard as receiver of said Railway Company, in immediate charge and

---

[1] Ante, p. 391.

supervision of the said track and roadbed at the point above mentioned," and concludes: "Plaintiff further avers that she suffered said injuries and damage as a proximate consequence of the negligence of defendants in or about carrying plaintiff as such passenger upon said railway on said occasion."

■ This complaint does not predicate the liability of the carrier solely on the negligence of the section foreman. As for the pleadings a verdict against the carrier could be sustained because of negligence of managing officers, or of any one or more agents in the maintenance department from which track conditions arose causing the derailment. Alabama Great Southern Railroad Co. v. Bailey, 112 Ala. 167, 177, 20 So. 313.

Appellant argues, however, that under the evidence, the derailment was either caused by vandalism for which the carrier would not be liable, or from the condition of the track at the point of derailment due to negligence in maintenance, and, if so, this could only arise from negligence of the section foreman.

Appellee takes the position that the degree of care, the highest degree of care consistent with practical operations, required of the carrier is not applicable to the employee when sued by a passenger.

This view is sustained by the case of May v. Chicago, B. & O. R. Co., 284 Mo. 508, 225 S.W. 660. Briefly stated, this case holds that the highest practicable degree of care required of carriers of passengers is expressive of a public policy, and grows out of the contractual relation of carrier and passenger, the obligation to carry safely in so far as the highest degree of care consistent with practical operations will assure safety; that the employee is under no contractual obligation to the passenger, that the employee's obligation to him is to exercise the ordinary care which every person owes to another in position to be injured because of his negligence. The same case holds that the employee is under contractual obligation to his employer to exercise the same high degree of care in the performance of his task as is required of his employer, the duty to so perform that his employer will be protected, but that this high duty of care does not extend to the passenger.

The case finds some support in Keep v. Indianapolis St. Louis Railway Co., C.C., 9 F. 625, there cited. This view is the subject of comment, not definite approval, in 13 C.J.S., Carriers, p. 1324, § 710. Bryce v. Southern R. Co., C.C., 125 F. 958, is cited to this text as holding that the employee is not liable for injury to a passenger unless it results from some misfeasance and positive wrong of the employee. For further discussion of the basis of the res ipsa loquitur rule as applied to carriers of passengers (see 10 Am.Jur. 370, § 1624); and of the presumption of negligence in derailment cases (see, 10 Am.Jur. 377, § 1633).

We pretermit approval or disapproval of the soundness of the views expressed in May v. Chicago, B. & Q. R. Co., supra. It presents an important inquiry which calls for reflection and research.

The instant case, in our opinion, is determinable upon other grounds.

■ Obviously, the res ipsa loquitur rule, and the presumption obtaining as against the carrier, do not apply to the employee.

■ A prima facie case was made against the carrier on proof of the relation of passenger and carrier and that the passenger was injured by a derailment of the train. If, for example, the jury were not reasonably satisfied of the theory of vandalism, and, therefore, the injury resulted from the defective condition of the track which would not have been if the high degree of care required by law had been exercised by all those having to do with track maintenance, a verdict for plaintiff against the carrier would follow. The plaintiff was not under duty to show by whose negligence the condition of the track at the time and place arose. She did not undertake to do so.

■ To recover against the section foreman, the causal negligence must be traced to him. The evidence for defendant was directed to the point that neither the section foreman, nor any other agent or employee, was negligent.

■ Evidence disclosed that new rails had been strewn along this portion of the track to replace the rails then in use at a later time. The section foreman had a supervisor over him. Evidence tended to show he was working with his crew for

several days preceding the accident at another point on his twelve mile section, doing a special work. For aught appearing the defective condition of the track, if so it was, may have arisen from neglect for which the section foreman could not be held responsible. Naturally the jury would hesitate to single him out merely because he was the employee to whom the immediate work of upkeep was committed.

While the jury was deliberating a request was made for further explanation of the charge of the court. After a long discussion between counsel and the court, the following instruction was given: "I stated to you the highest care to be used by a common carrier of passengers is the highest degree of care, skill, and diligence known to careful, skillful, or diligent persons engaged in a similar business, consistent with the practical operation of the road. Now, a failure to use that care amounts to negligence on the part of the common carrier. A living up to the standard of care, then, shows that the common carrier was not guilty of any negligence. Now, then, where the plaintiff convinces you, by the evidence, that he was a passenger on the train, that the train was being operated by the defendant and as common carrier of passengers for hire or reward, that the train was derailed, and that the plaintiff was injured as a proximate consequence of the derailment, the burden then is upon the defendant to reasonably satisfy you from the evidence that the derailment was not the proximate consequence of any negligence of the defendant." This was a correct and accurate statement of the law.

The court was under no duty to go into detail as to the manner in which the defendant could meet this burden of proof.

If by proof of vandalism, such evidence did go to the cause of derailment. But the charge did not confine the jury to that inquiry.

There was no error in refusing to give further written instructions at the request of parties at that stage.

We find no reversible error in the rulings presented for review.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.