13 So.2d 660
**SOUTHEASTERN GREYHOUND LINES v. CALLAHAN.**

**3 Div. 387.**

Supreme Court of Alabama.

May 13, 1943.

Rehearing Denied June 10, 1943.

Lange, Simpson, Brantley & Robinson and Oliver W. Brantley, all of Birmingham, and Thos. B. Hill, Jr., and Wm. Inge Hill, both of Montgomery, for appellant.

452

Hill Hill, Whiting & Rives, of Montgomery, for appellee.

**FOSTER, Justice.**

██ This is an action for personal injuries against two defendants jointly. Count 1 charges a joint liability against them in general terms. Counts 2 and 3 allege that the liability of the corporate defendant (bus company) is because of the negligence of the individual defendant (Coleman) as agent of the other. There was a general verdict for plaintiff against the bus company only. Coleman had a judgment of acquittal and discharge. Therefore the verdict against the bus company defendant can only be sustained on the first count. Brooks v. City of Birmingham, 239 Ala. 172, 194 So. 525; Griffin v. Bozeman, 234 Ala. 136, 173 So. 857; Southern R. Co. v. Lockridge, 222 Ala. 15, 130 So. 557; Walker v. St. Louis-S. F. R. Co., 214 Ala. 492, 108 So. 388; Supreme Lodge v. Gustin, 202 Ala. 246, 80 So. 84 (18); Louisville & N. R. Co. v. Maddox, 236 Ala. 594(11), 183 So. 849, 118 A.L.R. 1318; Great Atlantic & Pacific Tea Co. v. Traylor, 239 Ala. 497(7), 195 So. 724. This is a limitation on section 139, Title 7, Code of 1940.

██ The verdict can be referred to count 1 if the evidence supports it. Bessemer Liquor Co. v. Tillman, 139 Ala. 462, 36 So. 40; 64 Corpus Juris 1081, section 884.

Appellant contends that in considering liability under count 1 we cannot give any weight to the manner in which Coleman operated the bus. Appellee contends that this has not been wholly eliminated by the verdict exonerating Coleman, because plaintiff's injury may be attributable to Coleman's omission, for which he may not be personally liable for the want of knowledge of the alleged defective seat, whereas the carrier is not thereby absolved from the nondelegable duty to cause the bus to be operated with more than ordinary caution on account of such defect, or to remedy the defect.

Attention is called to the case of May v. Chicago, B. & Q. R. Co., 284 Mo. 508, 225 S.W. 660, referred to in Pollard v. Coulter, 238 Ala. 421, 423, 191 So. 231, observing that the duty of an employee to a passenger is not the same as the duty of the carrier itself: in that the employee is not liable to a passenger for his nonfeasance in respect of a precaution required of him only by his contract with his master.

██ The subject has been dealt with in several of our cases. The rule adopted in this State, and which is in accord with ample authority, is that if an employee omits to enter upon the performance of a duty which the master owes another, the master may be liable to such other for the omission, but the servant would not be liable. But if the servant enters upon the service, and negligently performs it, both he and his master would be liable, although the negligence of the servant may result from his omission to do what ought to have been done by him or anyone else in exercising due care in performing such a service. Sloss-Sheffield Steel & Iron Co. v. Wilkes, 231 Ala. 511 (1 to 3), 165 So. 764, 109 A.L.R. 385; Wright v. McCord, 205 Ala. 122, 88 So. 150; Mayer v. Thompson-Hutchison Bldg. Co., 104 Ala. 611, 16 So. 620, 28 L.R.A. 433, 53 Am.St. Rep. 88; Hilburn v. McKinney, 204 Ala. 158, 85 So. 496; Mechem on Agency, section 572, pages 403, 404.

██ The idea is that for the servant to be personally liable for his own neglect, called nonfeasance, it must be a neglect which he personally owes the passenger. If his omission is only by virtue of his contract of employment, a breach of that contract is not necessarily a breach of duty to a third person. But every person owes every other person a duty imposed by law to be careful not to hurt him. If he personally owes a third person no duty to be watchful of his safety, then an omission to be watchful is not a legal wrong to him. But if he owes him a duty to be

watchful of his safety as respects a certain condition or when he discovers the dangerous position of such person, he owes that person a duty to be careful both as to omissions and commissions which would result in his injury. 35 Am.Jur. 1025, section 287, note 10. And that duty is the same as that required of the carrier—of exercising the highest degree of care. Capital Motor Lines v. Gillette, 235 Ala. 157, 177 So. 881.

The carrier owed the plaintiff the duty to provide a seat which was not dangerously defective. Carleton v. Central of Georgia R. Co., 155 Ala. 326 (2), 46 So. 495, 16 Ann.Cas. 445. If it was defective but not dangerous when operated with due regard to that defect, then there was a duty to exercise due care to operate the bus so that the defective seat would not be dangerous to plaintiff. This duty under ordinary circumstances may or may not have been owing also by Coleman personally. But he was not charged with the same nature of duty to see that the seat was not defective as was the carrier. If he had no notice of the defect, his operation could with due care, so far as he personally was concerned, be as though there were no defect in fact, which may not require the same precaution as if he had known of it.

The jury could find from the evidence that Coleman did not know of the defect, and was not personally negligent in not knowing, and that his operation of the bus was personally with due care considering that status, and on that basis may have exonerated him. Whereas the carrier may be prima facie negligent if the defect existed, either in not discovering it or in not remedying it before starting, or in not informing Coleman of it so that his operation of the bus should be with due regard to that condition.

We are of course aware of the principle that merely because a passenger for hire on a carrier's vehicle is injured, a presumption of negligence does not always arise. And in order to do so, the jury must find as in the case here made that such an accident would not have occurred in the ordinary course of events if the seat had been in good condition when plaintiff first occupied it, and that in the ordinary course of operating the bus the injury would probably not have occurred had the defendant acting by some person in its employ used due care in that respect. Central of Georgia R. Co. v. Brown, 165 Ala. 493, 51 So. 565; Montgomery & E. Ry. Co. v. Mallette, 92 Ala. 209, 9 So. 363; Western Ry. Co. v. McGraw, 183 Ala. 220, 62 So. 772; Central of Georgia R. Co. v. Robertson, 203 Ala. 358, 83 So. 102, 104.

In Central of Georgia R. Co. v. Robertson, supra, it is said: "Carriers are under the highest duty to provide and maintain suitable and safe equipments and appliances; their safety should be established by the very best and surest tests recognized by experts in the business, and nothing can exempt him from liability as for defects therein, except that they are latent ones which no reasonable degree of skill and diligence would discover or prevent." This also applies to defective car seats. 10 Am.Jur. 382, section 1637.

If the appliance is defective, and such defect was the proximate cause of the injury to a passenger (for hire) the principle of res ipsa loquitur applies. 10 C.J., 1036, section 1432; 13 C.J.S., Carriers, § 764.

It is a prima facie presumption of negligence and takes the place of proof. When it exists the burden of proof is cast by law on the defendant to reasonably satisfy the jury that the defect was not due to its negligence. Montgomery & E. Ry. Co. v. Mallette, supra; Alabama G. S. R. R. Co. v. Hill, 93 Ala. 514(11), 9 So. 722, 30 Am.St.Rep. 65; Louisville & Nashville R. Co., v. Jones, 83 Ala. 376(2), 3 So. 902; Pollard v. Williams, 238 Ala. 391(2), 191 So. 225; Pollard v. Coulter, 238 Ala. 421, 191 So. 231.

It is not entitled to the affirmative charge on that question when there is evidence of facts which quicken that presumption, unless there is no other evidence of negligence and the absence of negligence by defendant is clearly shown by consistent, uncontradicted and unimpeached evidence. Pollard v. Williams, supra.

There was much evidence that plaintiff was seriously injured as a proximate result of the operation of the bus with a defective seat occupied by her. That therefore justified the jury in so finding, from which would result prima facie negligence with liability to her by the carrier, which thereby cast on it the duty to reasonably satisfy the jury that such injury was not due to its negligence or that

of a servant acting in the line and scope of his authority.

The finding of the jury was that it was not due to the negligence of Coleman. But it might have been due to the negligence of some other servant in the performance of his duties. The bus was owned by another company operating from Jacksonville, Florida, and was taken over by defendant at Dothan. Defendant made no inspection of it there or in Montgomery, where plaintiff boarded it. At Jacksonville the custom was to inspect it every three days. No defect was discovered in those inspections.

 There was evidence that a negro porter or a white man, at the station in Montgomery tried to remedy the condition of the seat and failed. This was not reported to Coleman, the driver. The carrier may be responsible either in not discovering, or in not remedying the defect or in not reporting it to Coleman, so that he could use extra precaution.

We do not think that it can be said that from all those circumstances the presumption of negligence was rebutted so as to take the case from the jury, or that the verdict should be set aside because it is contrary to the great weight of the evidence.

The question of contributory negligence was also one properly submitted to the jury.

Given charge 2. There was no question here of whether on account of the crowded condition of the bus defendant was absolved from a duty to provide a seat for plaintiff, but whether the seat, which it did provide, was in such condition as that there was a breach of duty. The carrier's duty is very strict in that respect, and imposes a high degree of care. This charge is fully supported by our cases. Carleton v. Central of Georgia R. Co., 155 Ala. 326(2), 46 So. 495, 16 Ann. Cas. 445; Culberson v. Empire Coal Co., 156 Ala. 416(4), 47 So. 237; Birmingham Ry. & Elec. Co. v. Baird, 130 Ala. 334, 345, 30 So. 456, 54 L.R.A. 752, 89 Am.St. Rep. 43. There was no error in giving it.

The same is true as to charge 1, given for plaintiff.

We have considered all the assignments of error relied on by appellant. We think those which we have not discussed are apparently not well taken.

Finding no reversible error, the judgment is affirmed.

Affirmed.

GARDNER, C. J., and BOULDIN and LAWSON, JJ., concur.