PINKIE BRICE AND RAYMOND BRICE, PLAINTIFFS-APPELLANTS, v. FRANK M. AUSTIN, HERMAN MILDENBERGER, FRANK OHSWALDT, HARRIET J. UDELSMAN WOLPIN, BERTRAM WOLPIN, JOINTLY, SEVERALLY AND IN THE ALTERNATIVE, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued May 10, 1954—Decided May 26, 1954.

Before Judges CLAPP, FREUND and SCHETTINO.

*Mr. Theodore S. Chazin* argued the cause for plaintiffs-appellants (*Messrs. Chazin & Chazin,* attorneys).

*Mr. Alex R. De Sevo* (*Mr. Edward De Sevo,* attorney) and *Mr. Ervin E. Field* argued the cause for defendants-respondents.

The opinion of the court was delivered by

CLAPP, S. J. A. D.   For the purposes of this opinion, no more need be said of the facts of the case than that the plaintiff, Mrs. Brice, and her husband sue for injuries allegedly sustained by her while a passenger in a bus owned and operated by two of the defendants and driven by a third defendant.   The jury returned a verdict for the defendants.

The trial court in its charge, though it held the owner-operators of the common carrier here were under a duty to exercise a high degree of care, said the bus driver was liable only if he failed to exercise reasonable care.   Plaintiffs charge this was error; he should have been held, they say, to the standard imposed upon his employers.   The court's view is supported by *Maldonato v. Ironbound Transp. Co.,* 9 *N. J. Misc.* 985 (*Sup. Ct.* 1931); *cf. May v. Chicago, B. & Q. R. Co.,* 284 *Mo.* 508, 225 *S. W.* 660 (*Sup. Ct.* 1920). But to the contrary *semble,* see *Wall v. G. R. Wood, Inc.,* 119 *N. J. L.* 442 (*E. & A.* 1938)—the three members of the court, who joined in the *Maldonato* opinion, concurred in the *Wall* opinion; *cf. Hansen v. North Jersey St. Ry. Co.,* 64 *N. J. L.* 686, 698 (*E. & A.* 1900); *Mazzei v. Bennett,* 6 *N. J. Misc.* 317, 318 (*Sup. Ct.* 1928), affirmed *Mazzei v. Nucar Forwarding Corp.,* 105 *N. J. L.* 218 (*E. & A.* 1928); *Barney v. Hudson & M. R. Co.,* 105 *N. J. L.* 274, 277 (*Sup. Ct.* 1928), affirmed 106 *N. J. L.* 231 (*E. & A.* 1930); *Southeastern Greyhound Lines v. Callahan,* 244 *Ala.* 449, 13 *So. 2d* 660 (*Sup. Ct.* 1943).   This raises a question as to the reason for the rule which lays a heavier responsibility upon a common carrier with respect to its passengers than that laid upon the driver of a private vehicle with respect to his invitees, even though the risks to human safety may at times be the

same in both cases. Is it because of its receipt of the emoluments of the carriage that a carrier is required to accept a heavier burden as to persons entrusting their safety to it? And if so, should that heavier burden then be put upon the bus driver who receives none of the emoluments other than his pay? Or is the rule of *Maldonato v. Ironbound Transp. Co., supra,* undesirable in that it calls for a dual measure of responsibility on the bus driver's part—a reasonable responsibility in his personal capacity and a higher responsibility as a representative of the carrier? This is not the case in which to decide these interesting questions.

The liability of the owner-operators was predicated here entirely on the negligence of the driver. In such a case, if a jury, in returning a verdict for the operators, as it did here, finds that the operators had exercised a high degree of care, it impliedly finds that the driver had met the same standard. *Cf. Templeton v. Scudder,* 16 *N. J. Super.* 576 (*App. Div.* 1951). So, if error there was in the instructions of the court here—that is, in failing to hold the driver individually to the high responsibility to which the operators were held—it was, perforce, but harmless error. Of such error, appellants cannot complain. *Loeb v. Cook,* 110 *N. J. L.* 417, 420 (*E. & A.* 1933); *R. R.* 1:5–3(*b*).

Plaintiffs, shifting the argument, then say that even if you assume the law to be that a bus driver is chargeable only with reasonable care, the instructions here were confusing. Assuming a bus driver is to be held only to this standard (as above stated, we do not pass on that matter), it would indeed have been clarifying if the court had told the jury that if they find he had exercised a reasonable degree but not a high degree of care, they should exonerate him, but hold his employers. But plaintiffs did not, by way of an alternative objection to the charge, bring this to the trial court's attention. And we find no confusion here sufficient to constitute plain error affecting substantial rights. *R. R.* 1:5–3(*c*).

Plaintiffs' next point has to do with the charge (which, incidentally, favored them in this respect unduly) that the bus company and its driver were not to be held unless there

was an unnecessary and unusual motion of the bus. By this charge, it was said, the court excluded from the case plaintiffs' theory that Mrs. Brice may have been thrown by a collision between the bus and a certain other car. The point is untenable if the instructions are looked at as a whole. Moreover, there was no objection to this part of the charge and no plain error affecting substantial rights.

The only other point we need mention goes to questions asked of Mrs. Brice as to whether she had had certain abortions stated in a hospital report referred to in the questions. This report, the court later refused to admit into evidence. She denied the abortions but admitted miscarriages. The difficulty seems to be that the term "abortion," as used in medicine, is, in some situations, synonymous with the term "miscarriage." See "Abortion," *Webster's New International Dictionary (2nd ed.)*; *Gray, Attorney's Textbook of Medicine* 694 (1940). At any event we find no prejudicial error here warranting a reversal.